UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**UNITED SPECIALTY INSURANCE COMPANY,**

    **Plaintiff,**

v.                                    Case No. 8:21-cv-01745

**DALE HAYES MASONRY, INC.**

    **Defendant.**

_____/

## COMPLAINT FOR UNPAID DEDUCTIBLES

Plaintiff, United Specialty Insurance Company ("USIC"), brings this Complaint against Defendant, Dale Hayes Masonry, Inc. ("DHM"), for damages due to DHM's failure to pay deductibles on a policy of insurance issued to it by USIC.

### JURISDICTION AND VENUE

(1)  USIC is an insurance company organized, existing, and incorporated in the State of Delaware with its principal place of business in Delaware.  USIC is a surplus lines insurance carrier authorized to do business and doing business in the State of Florida pursuant to the Florida Surplus Lines Law.

(2)  DHM is a masonry contractor organized, existing, and incorporated in the State of Florida, with its principal place of business in Pasco County, Florida.

(3)  Accordingly, complete diversity of citizenship exists between USIC and DHM in this action.

(4) USIC seeks to recover outstanding deductibles exceeding one million U.S. dollars, exclusive of interest, fees and costs. Therefore, the amount-in-controversy requirement is met as the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

(5) For the foregoing reasons, this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

(6) Venue is also proper in this district under 28 U.S.C. § 1391(b)(1) because the only defendant – DHM – resides in this judicial district.

(7) The Tampa Division of the U.S. District Court for the Middle District of Florida is the correct division to file this action under Local Rule 1.04 because Pasco County falls under the Tampa Division and DHM failed to pay its deductibles from within Pasco County. Additionally, this division is more convenient than any of the other divisions in this judicial district.

(8) DHM is subject to the personal jurisdiction of this Court because it is at home in the State of Florida.

## FACTUAL BACKGROUND

(9) On or about July 20, 2017, USIC issued a commercial general liability policy of insurance to DHM (No. ATN-ATL1710522) for a policy period of July 15, 2017 to July 15, 2018 (the "Policy"). A true and correct copy of the Policy is attached hereto as **Exhibit A**.

(10)　The Policy provides that USIC may, at its discretion, investigate any occurrence and settle any claim that may result.

(11)　As part of the Policy, the parties agreed to a Deductible Endorsement (VEN 024 00 (01/15)) ("original Deductible Endorsement") which provided that DHM would pay a $20,000 deductible per claim for all damages sustained by any one person because of (a) bodily injury, (b) property damage, or (c) personal and advertising injury as a result of any one occurrence.

(12)　As part of the original Deductible Endorsement, the parties agreed that USIC may pay any part or the entire deductible amount to effect settlement of any claim or suit, and upon notification of the action taken, DHM would promptly reimburse USIC for such part of the deductible amount as has been paid by USIC.

(13)　Additionally, the parties agreed to a Subcontractors Warranty Endorsement (Rate-charged) (VEN 062 02 (01/15)) which provided that DHM's deductible would be increased to $50,000 for claims relating to uninsured or under insured subcontractor's work, activities, or operations.

(14)　On or about November 15, 2017, USIC and DHM entered into a General Amendatory Endorsement (VEN 033 00 (01/15) which amended the Policy, in relevant part, to remove the original Deductible Endorsement and replace it with Deductible Endorsement (Medical Payments Included) (VEN 024 03 (09/17)) ("amended Deductible Endorsement").  A true and correct copy is attached hereto as **Exhibit B**.

(15) The amended Deductible Endorsement provided that DHM would pay $20,000 per occurrence for all damages because of bodily injury and property damage as a result of any one occurrence, regardless of the number of persons or organizations who sustain damages because of that occurrence.

(16) As in the original Deductible Endorsement, the amended Deductible Endorsement provided that USIC may pay any part or the entire deductible amount to effect settlement of any claim or suit, and upon notification of the action taken, DHM would promptly reimburse USIC for such part of the deductible amount as has been paid by USIC.

(17) In order to settle various claims, USIC made payments totaling $1,959,619.71. DHM has an obligation to reimburse USIC up to the deductible amounts. None of the settlements on the various claims exceeded the deductible amounts, therefore the amount owed by DHM is the amount paid by USIC.

(18) USIC, through its third-party administrator National Claim Services ("NCS"), has sent multiple deductible recovery notices to DHM.

(19) To date, reimbursement of deductible payments in the amount of $1,959,619.71 remains outstanding.

(20) USIC continues to evaluate claims against DHM and may settle future claims, which would increase the amount of deductibles owed to USIC.

***

## CAUSES OF ACTION

### COUNT I: BREACH OF CONTRACT

(21) USIC re-alleges and reiterates each and every allegation contained in the foregoing numbered paragraphs as though set forth fully herein.

(22) A valid and enforceable insurance contract exists between USIC, as the insurer, and DHM, as the insured, in the Policy and the amended Deductible Endorsement.

(23) USIC has fully performed all of its obligations under the Policy and amended Deductible Endorsement including, but not limited to, paying settlement demands in good faith.

(24) DHM has failed to comply with its obligation under the plain terms of the Policy and amended Deductible Endorsement to pay deductible amounts based on various claims and occurrences.

(25) As a result of DHM's breach, based on USIC's records, USIC has been damaged at least in the amount of $1,959,619.71

### COUNT II: PROMISSORY ESTOPPEL (IN THE ALTERNATIVE)

(26) USIC re-alleges and reiterates each and every allegation contained in paragraphs 1-20 as though set forth fully herein.

(27) DHM made promises to pay deductible amounts to USIC for payments that USIC would pay out based on claims and occurrences.

(28) DHM should have reasonably expected that these promises would have induced USIC to be willing to pay amounts to settle claims against DHM.

(29) DHM's promises to pay deductibles in fact induced such payments from USIC.

(30) Justice requires enforcement of DHM's promises.

### COUNT III:  UNJUST ENRICHMENT (IN THE ALTERNATIVE)

(31) USIC re-alleges and reiterates each and every allegation contained in paragraphs 1-20 as though set forth fully herein.

(32) USIC paid amounts to settle various claims and, in so doing, DHM was enriched and benefitted by USIC.

(33) DHM had knowledge of this benefit received to it and retained such benefit.

(34) Because DHM has an equitable obligation to contribute to the settlement of claims for damages that it was allegedly responsible for causing, it is unjust for USIC alone to be responsible for the totality of the amounts paid.

### PRAYER FOR RELIEF

WHEREFORE, USIC respectfully requests:

A. That this Court enter a judgment requiring DHM to pay $1,959,619.71 to USIC, with pre-judgment and post-judgment interest; and

B. That the Court provide further relief as it may deem just and proper, including the attorneys' fees and costs.

Respectfully submitted on <u>August 3, 2022</u>.

                **PHELPS DUNBAR LLP**

                /s/ *Bret M. Feldman*
                Bret M. Feldman
                Florida Bar No. 370370
                Bret.Feldman@phelps.com
                Mitchell McBride
                Florida Bar No. 1025234
                100 South Ashley Drive, Suite 2000
                Tampa, FL 33602
                Telephone: (813) 472-7550
                Facsimile:  (813) 472-7570
                *Attorney for Plaintiff, United Specialty Insurance Company*